IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| MATTHEW DAVID SHERMAN, | CV 19-00017-H-DLC-JTJ |
| Plaintiff, | |
| vs. | ORDER |
| TERRANCE JOHNSON, SGT. GRAHAM, and REGINALD D. MICHAEL, | |
| Defendants. | |

Pending is Plaintiff Matthew Sherman's Motion for Sanctions and Default Judgment & Contempt of Court in which he moves for sanctions, default judgment, and contempt of court alleging Defendants violated the Court's Order compelling discovery. (Doc. 34.) Mr. Sherman argues Defendants responses were untimely and therefore they have waived their objections to said responses.

Defendants were required to respond to Mr. Sherman's discovery requests on or before September 7, 2020. (Doc. 32 at 3.) Defendant Johnson's responses were dated September 2, 2020 and the certificate of service indicates they were mailed to Mr. Sherman on September 3, 2020. Defendant Michael's and Defendant Graham's responses were mailed September 5, 2020. Mr. Sherman has presented evidence that Defendants responses were not mailed until September 10, 2020. (Doc. 44-1.) Defendants provide no explanation regarding why discovery

responses that were required to be served on or before September 7, 2020 were not post-marked until September 10, 2020.[1]

Mr. Sherman points out that the Court issued an Order compelling Defendants to respond to his discovery requests on August 6, 2020.  (Doc. 32.)  He contends Defendants responded with responses that were full of objections and claims of privilege.  He argues the time to object and claim privilege was during discovery or in response to Mr. Sherman's motion to compel and that now Defendants have waived their objections.  (Doc. 34.)

The Federal Rules of Civil Procedure "provide that discovery requests must be responded to within 30 (or in some cases 45) days."  *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992).  Furthermore, "[i]t is well established that a failure to object to discovery requests within the time required constitutes a waiver of any objection."  *Id*; *see also* Local Rule 26.2(a)(4) ("Failure to object to interrogatories or requests for the production of documents or things under Fed. R. Civ. P. 33 and 34, within the time fixed by the rules, or within the time to which the parties have agreed, constitutes a waiver of any objection.") Defendants did not timely respond to Mr. Sherman's discovery requests forcing him to file a motion to compel which the Court granted.  Despite this, Defendants

---

[1]September 7, 2020 was a legal holiday and therefore the responses would have been timely if served by September 8, 2020.  *See* Fed.R.Civ.P. 6(a)(1)(C).

continued to object to numerous discovery requests.

Federal Rule of Civil Procedure 37 permits the district court, in its discretion, to enter a default judgment against a party who fails to comply with an order compelling discovery. Fed. R. Civ. P. 37(b)(2)(c); *Computer Task Group v. Brotby*, 364 F.3d 1112, 1115 (9th Cir. 2004). "In deciding whether a sanction of dismissal or default for noncompliance with discovery is appropriate, the district court must weigh five factors: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the [opposing party]; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.'" *Id.* (Citations omitted). Before imposing such a substantial remedy, the district court should first implement lesser sanctions, warn the offending party of the possibility of dismissal, consider alternative lesser sanctions and determine that they are inappropriate. *Id.* at 1116. *See, e.g., Leon v. IDX Systems*, 464 F.3d 951, 960-61 (9th Cir. 2006) (finding dismissal appropriate where party acted in bad faith in despoiling evidence under five-part test). "Only 'willfulness, bad faith, and fault' justify terminating sanctions." *Connecticut General Life v. Providence*, 482 F.3d 1091, 1096 (9th Cir. 2007) (*quoting Jorgensen v. Cassiday*, 320 F.3d 906, 912 (9th Cir. 2003)).

The Court does not find willfulness or bad faith justifying default or contempt in this case. The Court is, however, dismayed at counsel's discovery

3

responses and responses to Mr. Sherman's motion.  For example, Defendants refused to even provide the names of witnesses and exhibits that would testify in support of their defenses.  This is a common discovery question and Mr. Sherman is entitled to know that information.

The Court does find that less drastic measures are available in that Defendants will be required to provide further discovery responses without objection.  Defendant Johnson must respond to Interrogatories 2, 3, and 19 and Request for Production 4.  Any witnesses or exhibits not listed may be prohibited from use at trial.  Defendant Michael must respond to Interrogatory 7, Interrogatory 9 (to the extent it request protocol in place for Gator vehicle maintenance on August 16, 2016), Interrogatory 10(a) (to the extent it requests the protocol in place on August 16, 2016), and Interrogatories 11, 12.  While Mr. Sherman has not specifically alleged a failure to discipline, he has alleged that Defendant Michael's lead to his injuries and that Defendant Michael failed to ensure staff members were responsible for "safe transport" and that they were trained in the implementation of policies.  (Amended Complaint, Doc. 7 at 5.) Defendant Michael must also respond to Interrogatory 13, but the response may be limited to lawsuits filed against Defendant Michael for the two years preceding the incident at issue.  Defendant Graham must respond to Interrogatories 2 and 3.  Any witnesses or exhibits not listed may be prohibited from use at trial.

Based upon the foregoing, the Court issues the following:

## ORDER

1.  Mr. Sherman's Motion for Sanction and Default Judgment & Contempt of Court (Doc. 34) is DENIED IN PART in that no default or contempt order will be issued.  The motion is GRANTED IN PART in Defendant Johnson must respond to Interrogatories 2, 3, and 19 and Request for Production 4.  Defendant Michael must respond to Interrogatory 7, Interrogatory 9 (to the extent it request protocol in place for Gator vehicle maintenance on August 16, 2016), Interrogatory 10(a) (to the extent it requests the protocol in place on August 16, 2016), Interrogatories 11, 12, and Interrogatory 13 limited to lawsuits filed against Defendant Michael for the two years preceding the incident at issue.  Defendant Graham must respond to Interrogatories 2 and 3.

2.  The Clerk of Court is directed to terminate the referral to the undersigned.

**Mr. Sherman must promptly inform the Court and counsel for Defendants of any change of address.**

DATED this 19th day of November, 2020.

John Johnston
United States Magistrate Judge