IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| MATTHEW DAVID SHERMAN, | CV 19–17–H–DLC–JTJ |
| Plaintiff, | |
| vs. | ORDER |
| TERRANCE JOHNSON, SGT. GRAHAM, and REGINALD D. MICHAEL, | |
| Defendants. | |

Before the Court is Plaintiff Matthew David Sherman's Motion for Sanctions and Default Judgment. (Doc. 46.) For the reasons explained, the Motion is granted in part and denied in part. Because the parties are familiar with the facts of the case, the Court will only reference them as necessary to understand its order.

### BACKGROUND

On August 6, 2020, United States Magistrate Judge John Johnston granted Sherman's motion to compel and required Defendants to respond to his first round of discovery requests on or before September 7, 2020. (Doc. 32 at 3.) This did not happen. Although counsel for Defendants, Rutherford Hayes ("Mr. Hayes") dated his discovery requests on September 2, 2020 and signed a certificate of service

1

indicating these responses were timely mailed on September 3rd and 5th respectively, these responses were not sent until September 10, 2020, making them two days late.[1]  Moreover, instead of fully responding, Mr. Hayes asserted numerous objections and claims of privilege.  (Doc. 45 at 2.)

Sherman then brought a motion for sanctions and default judgment.  (Doc. 34.)  On November 19, 2020, Judge Johnston granted that motion in part, after determining that Mr. Hayes had failed to timely comply with the Court's order compelling him to respond to discovery requests and that he had waived any right to assert objections or claims of privilege by failing to timely raise those issues.  (Doc. 45 at 2.)  Although the Magistrate declined to enter default judgment against Defendants upon finding that a lesser sanction was appropriate, he ordered Mr. Hayes to specifically respond to certain interrogatories and explained that the failure to do so could result in witnesses or exhibits being precluded from use at trial.  (Doc. 45 at 4.)

Sherman has now filed a second motion for sanctions and default judgment.  (Doc. 46.)

---

[1] As September 7, 2020 was a legal holiday, any response would have been timely if served by September 8, 2020.  (Doc. 45 at 2 n.1.)

## DISCUSSION

In his present motion for sanctions and default judgment, Sherman alleges that Mr. Hayes once again failed to timely comply with the Court's order. (Doc. 46.) Mr. Hayes does not directly assert that his discovery responses were timely but asks the Court to deny the motion because, he contends, Sherman received everything to which he was entitled sometime in December of 2020. (Doc. 49 at 1–2.)

Judge Johnston entered an order instructing Mr. Hayes to respond to particular discovery requests on November 19, 2020. (Doc. 45.) Specifically, he instructed Defendant Reginald D. Michael to respond to interrogatories 7, 9, 10(a), 11, 12, and 13. (*Id.* at 5.) The Federal Rules set the time for responses to interrogatories at 30 days, Fed. R. Civ. P. 33(b)(2), meaning that Mr. Hayes was required to respond no later than December 21, 2020. Although Mr. Hayes timely submitted the responses of Defendants Graham and Johnson, he does not acknowledge or provide any explanation as to why Defendant Michael's response was submitted ten days late. (Doc. 49-1.) Mr. Hayes was warned that the failure for timely compliance could result in the exclusion of witnesses or exhibits. (Doc. 45 at 4.)

The Court's prior order lays out the legal standard for when default judgment is an appropriate sanction but suffice it to say that this remedy is

3

disfavored and is not appropriate when a court can adequately deter a party's misconduct with a lesser alternative sanction. *Computer Task Group v. Brotby*, 364 F.3d 1112, 1115 (9th Cir. 2004). Despite the Court informing Mr. Hayes that it was "dismayed" by his failure to timely participate in the discovery process and follow the rules, its warning did not result in meaningful deterrence. (*Id.* at 3.) Now its time to send a clearer message.

In light of Defendant Michael's untimely interrogatory responses, as outlined below, the Court will exclude testimony related to the content of those disclosures and will enter a related stipulation in the case. The Court is convinced that, at present time, this lesser alternative sanction is appropriate, and thus it will not grant Sherman's request for default judgment. However, the Court must warn counsel that any further discovery abuse or failure to adhere to a Court order may result in default judgment.

In crafting an appropriate sanction, the Court considers the content of the interrogatories at issue. Defendant Michael is the Director at the Montana Department of Corrections. Sherman's Interrogatory 7 sought information from Michael regarding the inventory of Gator vehicles (carts used for transporting inmates). (Doc. 27-1 at 14.) Sherman presumably wants this information to support his claim that the non-medical transport Gator he fell from on August 16, 2016 was not appropriate for someone confined to a wheelchair and that there was

another more appropriate medical-transport Gator that should have been used instead. (*See* Doc. 27-1 at 14.) Interrogatory 9 asks for a description of the protocol for Gator vehicle maintenance that would have been in place on August 16, 2016. (*Id.*) Presumably, Sherman hoped to use Defendant Michael's answer to support his belief that the Gator used to transport him from the infirmary had not been properly maintained insomuch as it had no operational seatbelt. (*See* Doc. 18 at 3.) Interrogatories 10 through 13 are geared towards Sherman's failure to train claim against Michael, and requests information regarding the Montana Department of Corrections' protocols for investigating and disciplining employee misconduct. (Doc. 27-1 at 14–15.)

For the purposes of implementing an appropriate sanction, the Court will focus its attention on the Gator cart. At trial, the Court will preclude Michael or any other witness from offering evidence that the Gator used to transport Sherman was properly maintained or in operational condition. The jury will be instructed that the parties have stipulated to the fact that "the Gator was not equipped or meant for medical transport. It had no seat belts. It had no passenger side door and had no safety or medical equipment." (*See* Doc. 18 at 3.)

IT IS ORDERED that Sherman's Motion (Doc. 46) is GRANTED in part and DENIED in part. The Motion is denied to the extent it requests default

judgment. The Motion is granted to extent it seeks sanctions for counsel's failure to comply with the Court's prior order (Doc. 45).

DATED this 12th day of January, 2021.

_____
Dana L. Christensen, District Judge
United States District Court